IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DAVID GARLAND ATWOOD, II, #07954-043**

**VS.**                                          **CIVIL ACTION NO. 2:12cv93-KS-MTP**

**JIM HOOD, ET AL**

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION DISMISSING CASE WITHOUT PREJUDICE, ETC.**

This cause is before the Court on Petitions of David Garland Atwood, II, filed pursuant to 28 U.S.C. § 2254 [1][2], Motion to Dismiss [10] filed by Defendants, Report and Recommendations [14] by Magistrate Judge Michael T. Parker and Objections [18] to Report and Recommendation filed by David Garland Atwood, II, and the Court considering the above, as well as the record in this case, finds as follows:

**I. FACTUAL BACKGROUND**

On or about January 20, 2012, *pro se* petitioner David Garland Atwood, II pleaded guilty to the misdemeanor of contributing to the delinquency of a minor in the Circuit Court of Covington County, Mississippi (Cause No. 2012-22K), and was sentenced to a term of one year (five months time served and seven months probation). *See* Ex. A to Motion to Dismiss [10-1]. Atwood is currently incarcerated at the Federal Medical Center in Lexington, Kentucky.[1]

On or about February 3, 2012, Atwood attempted to appeal his conviction and sentence to the Mississippi Supreme Court. On February 24, 2012, the trial court entered an order

---

[1] Atwood alleges his federal probation, Cause No. 5:04cr17-HTW-FKB (S.D. Miss.), was revoked as a result of his guilty plea in Covington County.

1

denying Atwood's motion to proceed *in forma pauperis* on appeal in Case No. 2012-22K.[2] *See* Ex. 9 to Petition [2-9]. On May 8, 2012, the Mississippi Court of Appeals, Case No. 2012-TS-189-COA, denied his motion to proceed *in forma pauperis*, finding that an appeal of a guilty plea was not allowed under Miss. Code Ann. § 99-35-101.[3] The court dismissed his appeal for failing to pay the costs of appeal on September 6, 2012; the mandate was issued on September 27, 2012. *See* Exs. B [10-2] and D [10-4] to Motion; http://courts.ms.gov/appellate_courts/generaldocket. html.

On February 1, 2012, Atwood filed a petition for post-conviction relief and motion to withdraw guilty plea in the trial court, Case No. 2012-22K. *See* Ex. 7 to Petition [2-7]. Respondents submit that this petition has not yet been ruled on by the Covington County Circuit

---

[2] On or about January 3, 2012, prior to his guilty plea, Atwood filed a "petition for a writ of habeas corpus" in the trial court, Case No. C-173 (as written by Atwood). *See* Ex. 1 to Petition [2-1]. In his "petition", he challenged his confinement on the following grounds: 1) "The Petitioner's confinement is illegal because the court denied Petitioner's request for a preliminary hearing and never made a determination as to probable cause"; 2) "That under the Petitioner's and minor victim's facts and circumstances in this case, the 97-5-33(6) statute is in direct, unconstitutional conflict with the state's age of consent laws under 97-3-65, 97-3-95 and 97-5-23"; 3) "97-5-33(6) . . . is unconstitutionally vague, undefined and overly-broad . . ."; 4) "the Mississippi Legislature did not enact the 97-5-33(6) statute to punish consensual relations between minors above the age of consent and adults over 18 . . . "; 5) "Petitioner believes that he is being selectively and maliciously prosecuted . . ."; 6) "the justice court judge abused his discretion in setting Petitioner's bail at one hundred thousand dollars ($100,000.00) in violation of Petitioner's constitutional right to be free from an excessive bond." *Id.*

In addition, the record reflects that Atwood filed an Interlocutory Appeal and Petition for Writ of Habeas Corpus on December 20, 2011, prior to his guilty plea, with the Mississippi Supreme Court, Case No. 2011-M-1894. It is unclear from the record what Atwood was appealing; however, the petition was dismissed voluntarily on February 10, 2012. *See* Ex. C to Motion [10-3].

[3] "Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed." Miss. Code Ann. § 99-35-101.

2

Court.

Atwood filed the instant federal habeas petition on or about May 31, 2012, raising the following grounds: 1) "vague indictment"; 2) "unconstitutional vagueness" of statute of which he was convicted; 3) "it was not the intent of the Mississippi Legislature to use 97-5-39(1)(a) contributing to the delinquency of a minor statute to prosecute consenting sexual activity"; 4) "the 97-5-39(1)(a) contributing statute is in direct unconstitutional conflict with the state's three age of consent laws of 97-3-65, 97-3-95, and 97-5-23 and deprives the Petitioner of due process"; and 5) ineffective assistance of counsel.[4] Petition [1]; Amended Petition [7]. The Respondents have moved to dismiss the instant petition based on Atwood's failure to exhaust.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

---

[4]The fifth ground is raised in the Amended Petition [7].

## III. PETITIONER'S OBJECTIONS

The recommendation of the Magistrate Judge is that the petition be dismissed for failure to exhaust his claim in the state system. Judge Parker's Report and Recommendation thoroughly goes through the applicable facts and law relative to this recommendation.

The Objection by the Petitioner is that his claim is indeed exhausted and, if not exhausted, it falls under the exception and the Court should proceed on his petition. In the Objection and the proceedings of the Petitioner, both in the Circuit Court of Covington County and the Court of Appeals of the State of Mississippi, the facts are confused by multiple pleadings filed by the Petitioner. He filed a Petition for Post Conviction Relief in the Circuit Court of Covington County and then there was an appeal, the denial of an appeal, and a post conviction petition. The scenarios are clearly set forth in Judge Parker's Report and Recommendation, but the bottom line is that there is currently pending a Petition for Post Conviction Relief in the Circuit Court of Covington County and that petition has not been ruled on. With that fact before the Court, it is clear that all remedies in the state court have not been exhausted.

Petitioner further requests that the petition be held in abeyance in order to allow him to exhaust his state court remedies. He has not shown that he qualified under the limited circumstances in which this Court is justified in holding the *habeas* petition in abeyance.

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Atwood's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate

4

statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that David Garland Atwood, II's claim is **dismissed without prejudice**. All other pending motions are denied as moot.

SO ORDERED this, the 17th day of January, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE